IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

Vivian Glad,

    Plaintiff,

vs.                                Civil Action No.: _____

CollectCorp Corporation,

    Defendant.

## COMPLAINT

### I. INTRODUCTION

1.    This is an action brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Wisconsin Consumer Act, Chapter 427, Wis. Stats., which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201.1 and 2202. Supplementary jurisdiction is proper under 28 U.S.C. § 1367.

### III. PARTIES

3. Plaintiff Vivian Glad is a natural person and citizen of the State of Wisconsin residing at 1414 S. 65th St., West Allis, WI in Milwaukee County.

4. Plaintiff is a consumer pursuant to 15 U.S.C. § 1692a(3).

5. Upon information and belief, at all relevant times defendant CollectCorp Corporation ( CollectCorp ), was a foreign corporation doing business at 455 N. 3rd St., Phoenix, AZ, 85004. CollectCorp was an entity engaged in the business of collecting debts alleged to be owed to third parties, with a principal place of business in the state of Arizona.

6. Defendant is a debt collector pursuant to 15 U.S.C. § 1692a(6).

7. The principal purpose of defendant is the collection of debts using the mails and telephone, and defendant regularly attempts to collect debts alleged to be due merchants or other third parties.

### IV. FACTUAL ALLEGATIONS

8. In or about April 2007, defendant s employee, who identified himself as David Hough, telephoned plaintiff in an attempt to collect a consumer debt allegedly owed to Bank of America.

9. In the April 2007 telephone call, defendant advised that he was representing CollectCorp and that he was calling to collect a debt.

10. The alleged debt at issue was incurred for personal, family or household purposes.

11. In the April 2007 call with Mr. Hough, plaintiff offered to pay $50 a month.

12. In the April 2007 call, Mr. Hough told plaintiff that he could not accept only $50 a month. He tried to make plaintiff commit to paying more money and told her that she could pay more and that she was holding out on him. He told her that she could put $5,000 on her Discover card to pay the debt.

13. Plaintiff explained that she could not pay more money at that time than $50 per month, because she was unemployed and was a senior citizen on a fixed income. She explained that she did not have a current Discover card.

14. Mr. Hough became angry when plaintiff would not agree to pay a higher monthly amount and became verbally abusive and spoke to plaintiff in a loud, rude, and offensive manner.

15. Mr. Hough threatened plaintiff that he would call her relatives and neighbors about her debt.

16. Defendant thereafter in fact telephoned plaintiff's neighbors and relatives in an attempt to collect the alleged debt.

17. In one telephone call to plaintiff's relative that occurred on or about April 24, 2007, the caller identified himself as David Hough from CollectCorp. Defendant asked if the relative knew Vivian Glad and asked for her telephone number.

3

18. In this April 2007 call to plaintiff's relative, defendant said that Vivian Glad had no idea how much trouble she was in; that she was behind on payments; and that legal action was pending if Vivian Glad did not return defendant's call.

19. No legal action was pending in April 2007 against plaintiff for the alleged debt, nor was any legal action thereafter commenced against plaintiff.

20. Defendant engaged in other debt collection communications with plaintiff in which defendant made misrepresentations and engaged in other illegal conduct.

21. Plaintiff has suffered damages, including without limitation, anxiety, inconvenience, loss of privacy, loss of credit reputation, and emotional distress as a result of the defendant's debt collection practices.

22. Defendant acted willfully and in an intentional disregard of the rights of plaintiff.

## V. FIRST CLAIM FOR RELIEF
## FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges all of the preceding paragraphs and incorporates them by reference.

24. Defendant's collection communications have violated at least the following provisions of the FDCPA: §§ 1692b(1), 1692e, 1692e(2)(A), 1692e(8), and 1692e(10).

25. Upon information and belief, defendant's collection efforts have resulted in additional violations of the FDCPA.

26. As a result of defendant's violations of the FDCPA, plaintiff is entitled to an

4

award compensating her for damages, attorney's fees, and costs in pursuit of this action.

## VI. SECOND CLAIM FOR RELIEF
## WISCONSIN CONSUMER ACT

27. Plaintiff repeats and realleges all of the preceding paragraphs and incorporates them by reference.

28. The debt allegedly arose from a consumer credit transaction or other consumer transaction where there allegedly was an agreement to defer payment.

29. Defendant s collection communications have violated the Wisconsin Consumer Act Debt Collection Chapter, § 427.104, Wis. Stats. in at least the following respects: violation of §§ 427.104(1)(e), 427.104(h), 427.104(j), and 427.104(L).

30. Upon information and belief, defendant engaged in other violations of the Wisconsin Consumer Act with respect to plaintiff.

31. Plaintiff is entitled to injunctive relief under § 426.109 to enjoin further violations of the Wisconsin Consumer Act.

32. Plaintiff is entitled to the statutory penalty and compensatory and punitive damages under the Wisconsin Consumer Act.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that judgment be entered against the defendant in her favor for:

A. compensatory damages;

B. statutory damages pursuant to 15 U.S.C. § 1692k and § 427.105, Wis.

5

Stats.;

C.   punitive damages;

D.   a declaration that the debt collection communications violate the FDCPA and the Wisconsin Consumer Act;

E.   injunctive relief precluding further debt collection of the alleged debt directly from plaintiff and further debt collection violations;

F.   costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and § 425.308, Wis. Stats.; and

G.   for such other and further relief as the Court deems just and proper.

## VIII.  JURY DEMAND

Plaintiff hereby demands that this cause be tried by a jury.

Dated this 18th day of October, 2007.

/s/_____
De Vonna Joy
SBN 1018939
Attorney for Plaintiff

Consumer Justice Law Center, LLC
S74 W17065 Janesville Rd., PMB 256
Muskego WI 53150
(UPS or Federal Express Only, Please)

OR

Consumer Justice Law Center, LLC
P.O. Box 51
Big Bend, WI 53103-0051
Tele:  262- 662-3982
Fax: 262-662-0504
E-mail: consumerjustice@wi.rr.com